PEARSON, Judge.
The Federal Deposit Insurance Corporation brings this appeal from a final judgment for the defendants, Kessler and Weinkle. The original plaintiff in the action was the Five Points National Bank. It brought suit to recover on promissory notes totalling $70,000. The present appellant was substituted as party plaintiff upon stipulation of the parties. After a non-jury trial the court found that the defendant-appellees had proved their affirmative defenses of payment, lack of consideration, fraud, and violation of the terms of conditional delivery of the notes. He thereupon entered the judgment appealed from. We affirm.
The trial judge made extensive findings of fact which the appellant accepts. But the appellant urges that entry of judgment for the appellees on those facts was contrary to law. It also insists that the court erred in concluding that it occupies the same legal position as the original plaintiff and is thereby subject to the affirmative defenses asserted by the appellees.
The appellant urges that in permitting the appellees to escape liability on the basis of their affirmative defenses the trial court committed reversible error because of the following provisions of 12 U.S.C. § 1823 (e):
‡ ‡ #
“No agreement which tends to diminish or defeat the right, title or interest of the [Federal Deposit Insurance] Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.”
The appellant urges that this statute and the holdings in D’Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and Federal Deposit Ins. Corporation v. Alker, 151 F.2d 907 (3rd Cir. 1945), entitle the appellant to recover on the notes made by the appellees, even though the original plaintiff could not.
The appellant entered the litigation upon a joint stipulation that it be substituted for Five Points National Bank as party plaintiff. This stipulation provided in part
“* * * that FEDERAL DEPOSIT INSURANCE CORPORATION * * has taken by assignment the note and/or guaranty which is the basis of the cause of action alleged herein, and has taken the said cause of action by assignment from Five Points National Bank of Miami * * *
We conclude that the statute relied upon was not applicable since there is no evidence showing that the appellant stands before the court as other than an ordinary assignee. For the appellant’s argument to have any validity, it would be necessary for the record to show that the notes in question were acquired “as security for a loan or by purchase”. Since the pleadings do not allege and the record does not show such acquisition, we hold that the statute relied on by the appellant does not entitle it to recover on the notes. Neither case cited by the appellant persuades us to change our holding because in both cases *393 the notes were acquired by the Federal Insurance Deposit Corporation as security for loans. 315 U.S. at 454, 62 S.Ct. 676, 86 L.Ed. 956; 151 F.2d at 908.
Affirmed.